## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Katie M. Wilson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | February 27, 2017 <br><br> Court of Appeals Case No. 82A01-1607-CR-1714 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Sheila M. Corcoran, Magistrate <br><br> Trial Court Cause No. 82D03-1507-CM-3886 |

**Najam, Judge.**

## Statement of the Case

Katie M. Wilson appeals her conviction for theft, as a Class A misdemeanor, following a bench trial. Wilson presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

## Facts and Procedural History

On July 2, 2015, loss prevention officer Joshua Price was working at a Walmart store located in Evansville when he observed two women placing unpurchased merchandise into a brown bag. Price followed the women and observed them place additional unpurchased merchandise into the bag. Price then watched as the women left the store with the merchandise without paying for any of it. Price was "not able to get up there before they hit the parking lot to actually stop them," so he called the Evansville Police Department "and informed them what [he] had observed." Tr. at 11. Price "followed [the two women] to the vehicle that they got into," which he described as a red Hyundai Sonata, and he gave dispatch the license plate number. *Id.* Price further described that he saw that vehicle being driven into a nearby Best Buy parking lot, but he then lost sight of the vehicle.

Evansville Police Department ("EPD") Detective Tony Mayhew was in the area at the time and found the red Sonata with the license plate given by dispatch parked outside a department store located near Best Buy. Detective Mayhew saw two women get out of the car and enter Gordman's department

store, and he told two other EPD officers what he had observed. After those officers arrived at the scene, they approached the women, who identified themselves as Wilson and Ja'La Lyle. The officers contacted Price, who came to the scene and identified Wilson and Lyle as the shoplifters he had seen at Walmart. The officers placed Wilson and Lyle under arrest. Detective Mayhew observed items of clothing with price tags on them in the backseat of the Sonata. Detective Mayhew obtained a search warrant for the car and recovered several items that had been stolen from Walmart.

[4] The State charged Wilson with theft, as a Class A misdemeanor. After a bench trial, the trial court found Wilson guilty as charged and entered judgment and sentence accordingly. This appeal ensued.

## Discussion and Decision

[5] Wilson contends that the State failed to present sufficient evidence to support her conviction for theft. In our review of such claims, "we consider only the evidence and reasonable inferences most favorable to the conviction[,] neither reweighing evidence nor reassessing witness credibility." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). "We affirm the judgment unless no reasonable factfinder could find the defendant guilty." *Id.*

[6] To prove that Wilson committed Class A misdemeanor theft, the State was required to show that she knowingly or intentionally exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2(a) (2017). At trial, Price

testified that he saw Wilson and Lyle place clothing items in a brown bag and leave the Walmart without paying for anything. After the EPD officers apprehended Wilson and Lyle, Price identified them as the women he had seen shoplift items from Walmart. And after Wilson's arrest, Detective Mayhew found items stolen from Walmart in the backseat of the car in which Wilson and Lyle had been driving.

[7] On appeal, Wilson maintains that the evidence is insufficient to support her conviction because "the brown bag/purse [that] Price [had] identified [as having been the receptacle for the stolen clothing items] was not recovered; the brown purse was carried by Lyle, not [Wilson]; and no video tape was preserved by Wal[mart]." Appellant's Br. At 9. But those contentions amount to nothing more than a request that we reweigh the evidence, which we will not do. We hold that the State presented sufficient evidence to support Wilson's theft conviction.

[8] Affirmed.

Bailey, J., and May, J., concur.